Earle, J.,
delivered the opinion of the Court.
If there be ground for a serious question here, it is matter of surprise that it has not been before presented to the Court, for adjudication; as no case can be found directly on the point, the practice must have been uniform one way or the other. In my own experience, I have known very few instances of debts being proved before the clerk, and a minute entered, in order to perpetuate the testimony thereof, under the eleventh section. In order to determine the question how before us, we need not look beyond the tenth and eleventh sections, which contain the provisions on the subject of the Statute of Limitations. The main purpose of. the Act was to afford a permanent relief to the insolvent debtor, against suing creditors and such as should accept dividends. But inasmuch as there was a third class of creditors who might neither sue nor choose to accept dividends, the relief against them could be temporary only, and they are, therefore, prohibited from suing for twelve months after the discharge. In order, however, to procure for the debtor a protracted indulgence from this class of creditors, the tenth section enacts that, “ whereas many creditors of the person so sued and .petitioning, may not be inclined to accept a dividend of his estate, but will rather wait, in hopes of receiving some fuller satisfaction from his better fortune, but inasmuch as their debts may become barred by the Act of Limitations, every person who shall once petition for his discharge shall be incapacitated ever afterwards to plead the Act of Limitations in bar to any action that may be afterwards brought against him for any demand that may have existed at. the time of exhibiting his petition; and in case the Act of Limitations shall afterwards be pleaded by such person, the said plea shall be set aside by the Court upon motion, and upon producing the. petition before exhibited by the defendant.” Nothing can be more explicit or more comprehensive than the provisions of this section; as an inducement to all the creditors not to prosecute their actions immediately on the expiration of twelve months, but to delay until the debtor’s better fortune may enable him to satisfy their demand; as a compensation to them for this boon, he is prohibited from availing himself of the aid of the Act of Limitation ever after-wards. If there could be any doubt on this head, the last clause would remove it, for that prescribes the course to be *246 pursued.; in case be should plead the Act of Limitation, the plaintiff is required to produce in support of bis motion, to set aside the plea, nothing but the petition of the defendant for bis former discharge. The benefits of this section, so far as the creditors are concerned, are obviously intended to extend to all of them without distinction, and without more to be done on their part. It is supposed the eleventh section is incompatible with it, and, therefore, extends the privilege of setting aside the debtors’ plea of the Statute of Limitations, to such only as prove their debts under that section, which provides in substance that the creditors by note, book account, or contract, of the person petitioning for bis discharge, who are not willing to accept a dividend — in order to perpetuate the testimony of their demand, may be at liberty to prove the quantum of said demand, or balance due from the said petitioner, and a minute or certificate thereof shall be entered with the clerk of the Court of the sum or balance due to said creditors, which minute or certificate shall thenceforth be good evidence of the sum so certified to be due, and shall be deemed an account liquidated and stated, and irrecoverable as such without other evidence against the petitioner, and against which debt, or demand, or any action for the same, the said Act of Limitation shall not be a bar nor pleadable. It is this last clause which is supposed to limit the operations of the eleventh section. But if so construed, it is a total repeal of the latter, for .it contains within itself a perfect enactment, that the Act of Limitations shall not be pleaded in bar to a demand thus proved and perpetuated, leaving those who do not prove their demands and have them certified, as they stood before,'and thus in fact making it their interest to commence suit immediately after the expiration of twelve months. Even in the case nf-several statutes on the same subject, we. should construe them in such way as to preserve every part of each in complete operation, unless expressly repealed, or unless they are in direct conflict; much more should we endeavor to reconcile the several parts of the same Act, if it can be done without a violation of the plain sense and meaning. The tenth,section was complete in itself, and applied to all the creditors. A very sensible and sufficient purpose may be ascribed to the eleventh section, without at all impairing the force or restraining the terms of the preceding; it seems *247 intended to perpetuate the testimony of the demand, and not the demand itself, for that had been done before; and enables the creditor, i. e. “ he may be at liberty,” to prove the quantum of his demand, or balance due from the petitioner: evidently providing for a case where the creditors’ evidence of his demands if by account or open contract, may be of a perishable character, or if by note, where there may be counter demands, on the part of the petitioner requiring a mutual adjustment in order to ascertain the quantum or balance clue from the petitioner. In cases of this kind it was proper to provide a mode of liquidating and stating the account, while the transaction was recent and the evidence at hand: otherwise the creditor on such a demand might be driven to his action at the earliest day without extending the indulgence which was the obvious purpose. of both sections to secure for the debtor.. The additiou of the last clause which I have quoted above, “against which debt or demand, &c.” was altogether superfluous; and it is for that reason that they are supposed to control and resist the general terms of the preceding section; but the words do not require us to give them that construction, and as such construction would in our opinion be contrary to the plain meaning of the Act, we adopt that which is more liberal and more sensible. It is the opinion of Court that the plea should h^yg_been set aside, and the motion for a new trial is granj^jjssS^